IN THE

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF KENTUCKY

PIKEVILLE DIVISION

Eastern District of Kentucky
FILED

AUG 0 2 2010

AT PIKEVILLE
LESLIE G. WHITMER
CLERK U S. DISTRICT COURT

UNITED STATES OF AMERICA,

    Respondent,

v.

    Case No. 92-35S-1

JEFFREY MULLINS,

    Petitioner.


PETITION FOR A WRIT OF CORAM NOBIS, OR AUDITA QUERELA IN THE ALTERNATIVE TO CORRECT A SENTENCE UNMODIFIABLE BY OTHER MEANS.

    COMES NOW the Petitioner, Jeffrey Mullins, and proceeding pro se petitions the Court to issue a Writ of coram nobis or Writ of audita querela to correct a sentence in a criminal case unmodifiable by other means. The Court has jurisdiction under 28 USC §1651, the All Writs Act, as a factual and legal mistake requires equitable remedy not available elsewhere. Mullins states that the Court did not have jurisdiction to issue the sentencing order in this case, and the sentence is infirm for other reasons stated infra.

    Although Mullins could file a Petition for a Writ of Habeas Corpus in Illinois, the sole relief under habeas would be a writ directing the Court to decide the issue raised herein.

Mullins avers the following facts in support:

1) Petitioner was indicted in this Court on September 15, 1992 for three counts of Aiding and Abetting Bank Robbery in violation of 18 USC §§2113(a) and 2. Each count carries a punishment of up to twenty years (240 Months) imprisonment.

2) On December 28, 1992, Mullins was sentenced in the United States District Court, Southern Disrict of West Virginia for 1) bank robbery; 2) armed bank robbery; and 3) using and carrying a firearm while committing bank robbery. He was sentenced to 210 months for each robbery run concurrently and 60 months for the firearm to be served consecutively.

3) On April 5, 1993, this Court sentenced Mullins to 318 months concurrent for the three indicted bank robbery counts. This sentence was to be served consecutive to the 60 month firearm sentence imposed in West Virginia.

4) The 318 month sentences, served concurrently, are in excess of the 240 month maximum punishment enumerated at Title 18 USC §2113(a): The Bank Robbery Statute.

5) Title 18 USC §3553 provides mandates for utilization of the United States Sentencing Guidelines. It also provides that a sentence must comport with the sentencing range prescribed by criminal statute.

6) Mullins' sentence exceeds the statutory maximum as prescribed by the bank robbery statute, and runs afowl of the jurisdiction vested to the Sentencing Court in §3553.

2.

STATEMENT OF THE FACTS

During June and July, 1992, Defendant Jeffrey Mullins and at least two other accomplices robbed five banks along the Kentucky-West Virginia border. A bank in West Virginia was later robbed by use of a firearm--which constitutes the more egregious act of armed robbery.

After his arrest, Mullins was first prosecuted in the United States District Court, Southern District of West Virginia at Huntington. He pleaded guilty to robbing the Huntington Savings and Loan; he pleaded guilty to armed robbery of the One Valley Bank; and again guilty to the use of a firearm while robbing the One Valley Bank. Count Four of the indictment was dismissed upon the motion by the government.

At sentencing, Mullins was determined to be a career offender resulting in a guideline computation of total offense level 32, (Level 34 minus 2 points Acceptance of Responsibility) and criminal history catagory VI. His guideline range was calculated to be 210 to 262 months imprisonment. The Court ordered two concurrent 210 month sentences for the robberies, and 60 months run consecutively for the use of the firearm.

Mullins was charged with three bank robberies in the United States District Court, Eastern District of Kentucky at Pikeville. He was not charged with any gun, but he was not offered any plea agreement. He was convicted at trial of the three charged bank robberies--as committed without any gun.

The three bank robberies under Title 18 USC §2113(a) had a statutory sentencing range of zero to twenty years imprisonment. (The West Virginia armed robbery case carried up to twenty-five years imprisonment.) The Kentucky Court, and the Kentucky PSI errantly adopted the guideline base offense level from the West Virginia proceedings, and assessed offense level thirty-four. (non-armed robbery under §2113(a) only carries a twenty year statutory maximum; and therefore carreer offender offense level thirty-two.) No reduction for acceptance of responsibility was forthcoming because Mullins proceeded to trial. The calculated guideline of level 34, catagory VI resulted in an imprisonment range of between 253 and 318 months. The Court sentenced Mullins to 318 months imprisonment--at the top of the calculated guideline range. The counts of conviction were ordered served concurrently, and served concurrent to the sentence imposed in West Virginia. No appeal nor post-conviction relief was sought.

Mullins was committed to the Federal Bureau of Prisons to serve his sentence. Mullins succumb to bouts of mental illness and has been frequently transferred among the many FBOP Correctional Institutions. He receives psychological care, and is prescribed anti-psychotic medications. He is maintained in a sedate state.

As the 210 month sentence has expired, FBOP officials have questioned that the 318 month sentence exceeds the twenty year statutory maximum, and no consecutive robbery sentences were imposed under 18 USC §3553(c) nor U.S.S.G. §5G1.2. Mullins is without funds and a fellow inmate constructed this post-conviction filing for him, since he lacks the efficacy to draft his own motion.

4.

JURISDICTIONAL STATEMENT.

"A court's power to issue any form of relief, extraordinary or otherwise, is contingent on its subject-matter jurisdiction over the case or contraversy." US V. DENEDO ___US___, 173 L.ed 2d 1235 (2009). Here, this Court has, and has exercised both subject-matter and personal jurisdiction in this case. Petitions under the auspices of coram nobis and audita querela are considered interchangeable since the relief sought, and the machinations undertaken are equivalent.

The Writ of coram nobis is an ancient common-law remedy designed "to correct errors of fact." US V. MORGAN 346 US 502 at 507 (1954). Coram nobis is "a step in the criminal case and not, like habeas corpus where relief is sought in a seperate case and record, the beginning of a seperate civil proceeding." Morgan at 505.

Audita querela, Latin for "the complaint have been heard," is a common-law writ of error dating back to the early part of the 14th century. See BLACKS LAW DICTIONARY 141 (8th ed 2004). At common-law, the writ allowed a judgment debtor to obtain equitable relief from a judgment based upon some defense or discharge available after the entry of judgment. Id  The writ of audita querela, and its counterpart the writ of carim nobis have been expressly abolished in civil cases by Rule 60(b) of the Federal Rules of Civil Procedure. However, these common-law writs potentially survive in the federal criminal context based upon the United States Supreme Court decision in US V. MORGAN, supra., and US V. DENEDO, supra, and the All Writs Act. Both

writs are available only to the extent that they "fill gaps" in the current system of federal post-conviction relief. See US V. VALDEZ-PACHECO 237 F.3d 1077,1079 (9th cir 2001), also CORRAL V. US 436 F.Supp 2d 1045,1046 (D.N.D. 2006)

Such relief is "probably available where there is a legal objection to a conviction that has arisen subsequent to the conviction and that is not redressable pursuant to another post-conviction remedy." US V. LAPLANTE 57 F.3d 252,253 (2nd cir 1995). It is clear that audita querela relief is not available when other post-conviction remedies exist." See US V. RICHTER 510 F.3d 103,104 (2nd cir 2007); US V. HOLT 417 F.3d 1172,1174 (11th cir 2005); US V. TORRES 282 F.3d 1241,1245 (10th cir 2002).

The A.E.D.P.A. and changes to Fed.R.Crim.P. Rule 35 have blocked most access to relief for inmates such as Mullins who seek belated remedy. To blame Mullins and render him without access to redress even though he was mentally unable to seek correction of his sentence is absurd. Just as a mentally incompetent defendant is not required to present and prove his own incompetence, because the jurisprudence guided by the Supreme Court in DUSKY V. US 362 US 402 (1960) guarantees this due process right to a judicial proceeding and adjudication of whether the defendant is culpable as a matter of disability. A judicial determination regarding Mullins' ability to bring this matter earlier is preeminent in considering whether Mullins could have sought relief elsewhere.

This Court has jurisdiction under 28 USC §1651, The All Writs Act, to correct Mullins sentence.

6.

SENTENCE EXCEEDS STATUTORY MAXIMUM AND EXCEEDS THE APPLICABLE MANDATORY U.S.S.G. GUIDELINE RANGE.

In this Court, Mullins was charged with three counts of bank robbery in violation of 18 USC §2113(a). The statute enumerates, in pertinent part: "Whoever, by force and violence or by intimidation, takes...money...in the care, custody, or management of any bank...shall be fined under this title or imprisoned not more than twenty years, or both." Id After these bank robberies which occured within the Eastern District of Kentucky, Mullins robbed the One Valley Bank in West Virginia while using a firearm in violation of 18 USC §2113(d). Armed Bank Robbery (§2113(d)) carries a punishment of up to twenty-five years imprisonment.

Mullins' prosecution began in West Virginia, where he pleaded guilty and was sentenced shortly thereafter in that West Virginia Court. Based on the statutory maximum sentence of twenty-five years, and Mullins' criminal history, which subjected him to career criminal enhancements, his base offense level under U.S.S.G. §4B1.1 was calculated to be Level 34. Under the Career Criminal Guideline (§4B1.1) a statutory maximum of twenty-five years triggers offense level 34. Two points were deducted under §3E1.1 for acceptance of responsibility by pleading guilty, whereupon the calculated guideline was level 32; criminal history catagory VI: 210 to 262 months. Mullins was sentenced to 210 months imprisonment.

In this Kentucky Court, however, Mullins did not plead guilty, but instead proceeded to trial. He was found guilty of all three counts charged. Probation Officer Davis, of Kentucky, also calculated Mullins to be a Career Criminal, and also assessed offense level 34 under the career criminal guideline. Because Mullins proceeded to trial in Kentucky, no deductions for acceptance of responsibility under §3E1.1 was forthcoming, whereupon his guideline was calculated to be level 34; criminal history catagory VI: 253 to 318 months imprisonment. The Kentucky computation is erroneous.

The "Offense Statutory Maximum' for purposes of [the career offender] guideline, refers to the maximum term of imprisonment authorized for the offense of conviction." U.S.S.G. §4B1.1 Application Note 2. The Career Offender Guideline also provides that once an offender is determined to be a career offender, no other guideline enhancements may be attached. The Sentencing "Commission had modified [The maximum term authorized] definition in several respects to focus more precisely on the class of recidivist offenders for whom a lengthy term of imprisonment is appropriate and to avoid 'unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar criminal conduct...28 USC §991(b)(1)(B)" Id at Application Note 3(E).

The Counts charged in this Kentucky Court were committed before the armed bank robbery in West Virgina. The Court, when utilizing the guidelines and when sentencing under the powers

vested by 18 USC §3553 is bound by the statutory range enacted by the Congress. Since Mullins' statutory maximum is twenty years--his career offender guideline level is 32. His calculated sentencing range is 210 to 262 months, the same as the calculated range adopted by the West Virginia Court. The disproportionate results reached by the Kentucky Court is also proscribed by the guideline statutory mandate to: "avoid unwarranted sentencing disparaties among defendants with similar criminal records who have been found guilty of similar criminal conducts." Id §991(b). That the more egregious armed robbery--after the Kentucky robberies--resulted in one-third less imprisonment evinces the sentencing disparity for the same defendant and record as proscribed by statute. The Kentucky Court reached an incongruent result through an errant application of the then mandatory sentencing guidelines.

It must be noted that the Sentencing Court did not intend to pronounce consecutive sentences for the three indicted counts under U.S.S.G. §5G1.2 nor 18 USC §3553(c). Title 18 USC §3584, which empowers a court to mete out concurrent or consecutive sentences: "demands specific and express order when sentences imposed at the same time are run consecutively." US V. JOETZKE 952 F.2d 1090 (9th cir 1991). "The Court must state on the record its reason for imposing consecutive terms of imprisonment." US V. ROSE 185 F.3d 1108,1109 (10th cir 1999); US V. IZAGUIRRE-LOSOYA 219 F.3d 437 (5th cir 2000). Where the statutory maximum is less than the minimum career guideline range, the statutory maximum shall be the sentence. US V. GRIFFITH 85 F.3d 284 (7th cir 1996); US V. PENSON 526 F.3d 331,333 (6th cir 2008).

The Sentencing Court did not declare consecutive sentences, but did order the sentences served concurrently. The Court also did not express any reason to depart from a properly calculated guideline range, nor deliberately pronounce a sentence disparate to the sentence pronounced in West Virginia for the same defendant, the same offense, and the same criminal history. All overt indications support the inference that the Sentencing Court was unaware an errant guideline computation was relied upon, and the court was unaware the sentence exceeded the statutory sentencing range.

The proper and reasonable sentencing range begins at 210 months (the bottom of the calculated guideline range) and up to 240 months (the statutory maximum). Mullins would be providently and equitably resentenced within this range.

All statements attributed to the Petitioner are the truth, under penalty of perjury. 28 USC §1746.

This 30th day of July, 2010.

Signed,

*Jeffrey Mullins*

Jeffrey Mullins
Petitioner, Pro se.

CERTIFICATE OF SERVICE

I, Jeffrey Mullins, deposited this PETITION FOR A WRIT OF CORAM NOBIS, OR AUDITA QUERELA IN THE ALTERNATIVE TO CORRECT A SENTENCE UNMODIFIABLE BY OTHER MEANS in the FCI Pekin prison legal mail system, bearing the proper first-class postage prepaid on July 30, 2010.

All statements herein are the truth, under penalty of perjury.   28 USC §1746.

Signed,

*Jeffrey Mullins*

Jeffrey Mullins

Reg 01798-032
FCI Pekin
P.O. BOX 5000
Pekin, IL  61555

11.

Jeffrey Mullins #01798-032
Federal Correctional Institution
P.O. Box 5000
Pekin, IL 61555





FCI PEKIN
JUL 30 10
CORRECTIONAL SYSTEMS

Legal mail

⇔01798-032⇔
Us District Court
203 Federal Bldg
110 Main St.
Pikeville, KY - 41501 - 1100
United States